**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RONNIE LEE SPARKS**                                                                          **CIVIL ACTION**

**VERSUS**                                                                                                  **NO. 07-214**

**GREG CHAMPAGNE (SHERIFF), ET AL.**                                      **SECTION: "D"(1)**

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Ronnie Lee Sparks, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Sheriff Greg Champagne, Warden John Nowak, and Assistant Warden Robert Dale.  In this lawsuit, plaintiff claims that he has been denied (1) the right to practice his religion, (2) adequate access to the law library, and (3) incentive wages for his work at the jail.

A Spears hearing was held on February 7, 2007, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1]  At that hearing, plaintiff was sworn and his testimony was recorded. Based

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

on his complaint and Spears hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

Plaintiff alleges that he is a Muslim and is being denied the right to practice his religion at the jail. From the grievances attached to the complaint, it appeared that plaintiff's religious discrimination claim was based on the fact that the jail officials would not allow him to have outside food brought into the facility to celebrate Eid ul-Fitr, an Islamic holiday to break the Ramadan fast. However, at the Spears hearing, plaintiff made clear that was not in fact the claim he is asserting in this proceeding. Rather, his claim is that he is being subjected to religious discrimination because (1) he is not allowed to participate in Jumu'ah and other group prayer services, and (2) he is denied a pork-free diet. However, he testified that he was allowed to observe Ramadan, keep a copy of the Koran, pray individually, and have access to an imam.

Plaintiff also alleges that he has been denied adequate access to a law library. He testified that an inmate originally had to submit a written request to visit the law library and that the jail officials did not always act on those requests in a timely manner. As a result, he would sometimes have to wait up to two weeks to be granted library access. However, the law library policy recently changed and his dormitory is allowed to visit the law library regularly, but only on Saturday mornings. He further testified that he has access to a typewriter to prepare his legal filings only in the library. When asked what prejudice he has suffered as a result of these restrictions, plaintiff testified that he lost a worker's compensation case he was litigating. He stated that he also "had to plead guilty" in his criminal case because he could not properly prepare himself; however, he conceded that he was represented by counsel in that criminal proceeding.

Lastly, plaintiff alleges that he is being "put into slavery" because he is not paid incentive wages at the jail. Plaintiff attached to his complaint grievances regarding the fact that he received no pay to serve as tier representative at the jail. Jail officials responded to those grievances by stating that they do not pay wages to any tier representatives; rather, representatives are given extra food. They also informed plaintiff he was not required to serve as a tier representative and was free to quit if he wanted. Further, at the Spears hearing, plaintiff testified that he was not paid for his efforts to keep the tier clean. Jail officials again told him that he was not obligated to do such cleaning and that he would not be paid if he voluntarily chose to perform such services.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

3

>    (iii) seeks monetary damages against a defendant who is immune
>    from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[2] and fully considering his Spears hearing testimony, the Court finds that plaintiff's claims that he has been denied adequate access to a law library and incentive wages should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.[3]

### Library Claim

It is clear that inmates have a constitutional right of meaningful access to the courts, including the right to access to a law library or assistance from legally trained personnel. Bounds v. Smith, 430 U.S. 817, 828 (1977). However, claims alleging violations of that right are not

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] This Partial Report and Recommendation does not address plaintiff's religious discrimination claim.

cognizable unless the prisoner's position as a litigant was prejudiced by the denial of access to the courts.  See, e.g., Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998); Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).  As noted, at the Spears hearing, plaintiff identified two types of matters which he claims were adversely impacted by his restricted access to legal materials:  (1) a worker's compensation case he was litigating; and (2) his state criminal prosecution.

As to any effect on his worker's compensation case, the right of access to courts does not encompass such matters.  Rather, the right encompasses only the access to law libraries or assistance from legally trained personnel necessary to file nonfrivolous legal claims challenging an inmate's *convictions or conditions of confinement*. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). As the United States Supreme Court has noted:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original).

As to plaintiff's state criminal proceeding, he admitted that he was represented in that proceeding by an attorney.  Representation by counsel satisfies a pretrial detainee's right of access to courts for his criminal proceedings; in those circumstances, he is not additionally entitled to independent access to a law library and legal materials.  Kirkpatrick v. Daugherty, Civil Action No. 6:05cv461, 2006 WL 2401108, at *4 (E.D. Tex. Aug. 17, 2006); Williams v. Bartel, Civil Action

No. 05-21, 2006 WL 2547064, at *3 (W.D. La. June 19, 2006) (Wilson, M.J.) (Report and Recommendation adopted by Trimble, J., on August 31, 2006). Moreover, such detainees are not entitled to access to a law library even if they knowingly and voluntarily choose to *waive* appointed counsel. Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) ("[H]aving rejected the assistance of court appointed counsel, [an inmate has] no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial."); see also Caraballo v. Federal Bureau of Prisons, 124 Fed. App'x 284, 285 (5th Cir. 2005); Gordon v. Police Jury of Jefferson Davis Parish, No. 01-30146, 2001 WL 1468183, at *1 (5th Cir. Oct. 26, 2001).

For all of the foregoing reasons, the Court finds that plaintiff's access-to-courts claim is frivolous and should be rejected as such.[4]

### Denial of Incentive Wages

Plaintiff also claims is that he is being "put into slavery" because he is not paid incentive wages at the jail. That claim merits little consideration for two reasons.

First, as plaintiff readily admitted, prison officials have not forced him to work as a tier representative or to clean the tier. If he chooses to perform those services voluntary, that is his choice and imposes no financial obligation on the part of jail officials to pay him for his services.

Second, even if he were compelled to work without pay, his claim would still be frivolous. It has long been held that inmates are not legally entitled to be paid for their work. As the United States Fifth Circuit Court of Appeals has noted:

---

[4] At the Spears hearing, plaintiff also noted that he has only limited access to a typewriter for his legal endeavors. To the extent that he is asserting that as a distinct access-to-courts claim, it is clearly frivolous. An inmate has no federally protected right to use a typewriter to prepare legal documents and correspondence. Stubblefield v. Henderson, 475 F.2d 26 (5th Cir. 1973); Allen v. Thomas, No. Civ. A. H-02-3132, 2005 WL 2076033, at *6 (S.D. Tex. Aug. 26, 2005).

> Compelling an inmate to work without pay is not unconstitutional. The thirteenth amendment specifically allows involuntary servitude as punishment after conviction of a crime, and this Court has held that compensating prisoners for work is not a constitutional requirement but, rather, is by the grace of the state.

Murray v. Mississippi Department of Corrections, 911 F.2d 1167, 1167-68 (5th Cir. 1990) (citations and quotation marks omitted); see also Loving v. Johnson, 455 F.3d 562, 563 (5th Cir. 2006).

### Remaining Claims

As noted, plaintiff also claims in this lawsuit that he is being denied the right to practice his religion. While not expressing any opinion as to the ultimate merit of that claim, the undersigned recommends that the claim be allowed to proceed, at least at this point in the proceeding.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims that he has been denied adequate access to a law library and incentive wages be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this first day of March, 2007.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**